## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
| )
**LARRY D. EPPS,** | )
| )
       **Plaintiff** | )
| )
| ) **Civil Action No. 07-1188  (RMC)**
      **v.** | ) **(ECF)**
| )
**U.S. ATTORNEY GENERAL, et al.** | )
| )
      **Defendants.** | )
_____)

## FEDERAL DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

The United States Attorney General, U.S. Parole Commission and Court Services and Offender Supervision Agency ("CSOSA") employees, CSOs Joseph Alston and Emesha James (collectively "Federal Defendants"), by and through undersigned counsel, hereby respectfully move, pursuant to Fed. R. Civ. P. 12 (b)(1), (b)(5) and (b)(6), for dismissal of this action for lack of subject-matter jurisdiction, failure to properly serve the individual Federal Defendants and failure to state a claim upon which relief may be granted.  Alternatively, Federal Defendants move for summary judgment, under Fed. R. Civ. P. 56, as there are no disputed issues of fact. Larry D. Epps ("Plaintiff") brings this action *pro se* seeking damages for alleged violations of his constitutional rights arising from his arrest as the result of a warrant issued by the U.S. Parole Commission.

In support of this motion, Federal Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and attachments thereto, and to the entire record in this case.  A proposed Order consistent with the relief sought herein is attached.

*Pro se* Plaintiff will take note that if he fails to respond to this motion to dismiss, the

Court may grant this motion and dismiss his case because of his failure to respond. *See Fox v.*

*Strickland*, 837 F.2d 507 (D.C. Cir. 1988).

December 7, 2007                          Respectfully submitted,


\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


\_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LARRY D. EPPS,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No. 07-1188  (RMC)** |
| **v.** | ) **(ECF)** |
| | ) |
| **U.S. ATTORNEY GENERAL, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF FEDERAL DEFENDANTS' MOTION TO DISMISS OR IN**
**THE ALTERNATIVE FOR SUMMARY JUDGMENT**

The United States Attorney General, U.S. Parole Commission ("Commission") and Court

Services and Offender Supervision Agency ("CSOSA") employees, CSOs Joseph Alston and

Emesha James (collectively "Federal Defendants"), respectfully move to dismiss this case

pursuant to Fed. R. Civ. P. 12(b)(1) (b)(5)and (6).[1]

### I.    STATEMENT OF THE CASE

Although it is difficult to discern from the complaint, Larry D. Epps ("Plaintiff")

commenced this action under 42 U.S.C. §1983, apparently alleging constitutional claims against

Federal Defendants.  Plaintiff's claims appear to relate to alleged constitutional violations arising

from his arrest as a result of a warrant issued by the Defendant United States Parole Commission.

---

[1]    CSOSA is a federal agency created by Congress that is responsible for supervising convicted offenders who are on parole, probation or supervised release for violations of the District of Columbia Code.  *See* Section 1233 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. Law. 105-33, 111 Stat. 748, codified at D.C. Official Code §24-133.

With the exception of Defendant Emesha James, Plaintiff makes no specific allegations of constitutional violations against any other individually-named Defendant. In other words, Plaintiff makes no specific allegations about the involvement of either the Attorney General or Officer Alston in the alleged violation of his constitutional rights. Plaintiff seeks monetary damages from the Federal Defendants but does not state from whom specifically.

In his complaint, Plaintiff appears to be alleging that Federal Defendants, in their official capacities, violated his constitutional right under 1983. Regardless, Plaintiff's claims are subject to dismissal because a 1983 claim cannot be maintained against Federal Defendants and Plaintiff has not pled any colorable constitutional claims against any of the Federal Defendants. Furthermore, Plaintiff's 1983 claims are barred under the *Heck* rule. Specifically, Plaintiff's claims are subject to dismissal under Fed. R. Civ. P. 12(b)(1), (b)(5) and (b)(6).

## II.    FACTUAL BACKGROUND

Plaintiff was sentenced by the District of Columbia Superior Court on June 23, 1989, to 12 years to life imprisonment for second degree murder. On or about June 8, 2005, the Commission ordered Plaintiff released on parole, which took effect on October 8, 2005. Plaintiff was to remain under parole supervision for the remainder of his sentence, *i.e.*, for life. On August 15, 2006, CSO James prepared a report recommending that a warrant be issued for Plaintiff's arrest. *See* "*Alleged Violation(s) Report*" attached hereto as *Ex*. A. According to CSO James' report, Plaintiff had failed to report for supervision on the following days: July 25 and 27, 2006; and August 2, 3, 4 and 7, 2006. *Id*. Furthermore, the report indicated that Plaintiff failed to report for drug testing on April 3 and 6, May 8, 15 and 18, and June 5, 12 and 15. *Id*. When Plaintiff resumed contact on August 1, 2006, he admitted that he had been using cocaine. *Id*.

Accordingly, Plaintiff was put on a daily reporting schedule beginning the following day.  *Id*.

Plaintiff failed to show up until August 9, 2006.  *Id*.[2]

Based on CSO James' report, the Commission issued a warrant on August 25, 2006 and

Plaintiff was arrested on the warrant on September 8, 2006.  Plaintiff was remanded to the

custody of the United States Marshal Service ("USMS") and the Commission was notified on

September 11, 2006.  *See D.C. Probable Cause Hearing Digest* attached hereto as *Ex*. B.  A

probable cause hearing was held on September 15, 2006, at which Plaintiff was represented by

counsel from the Public Defender Service.  *Id*.  The hearing examiner found that probable cause

existed for Plaintiff's arrest and scheduled a parole revocation hearing on November 8, 2006.  *Id*.

At the conclusion of the revocation hearing at which CSO James failed to appear, Plaintiff was

released on a finding of insufficient evidence to support parole revocation.  *Id*.  Nevertheless,

Plaintiff was instructed to report immediately to his parole officer.  *Id*.

Plaintiff commenced this action on June 29, 2007, alleging that he "was subjected to a

series of tortuous acts and unconstitutional action... [under] 42 U.S.C. 1983."  Pl. Compl. at 2.

Plaintiff alleges that his failure to receive a probable cause hearing until the seventh day after his

arrest was a violation of his Fourth, Fifth, Sixth, and Eighth Amendment constitutional rights.

He also alleges that the finding of probable cause was based on CSO James' "misrepresenting

critical facts."  Without stating from whom specifically, Plaintiff seeks compensatory damages in

---

[2]    On February 2, 2007, Plaintiff was rearrested for possession of drug paraphernalia with intent to use; misuse of automobile registration tags and operating an unregistered automobile.  At the time of Plaintiff's lockup pursuant to this arrest, he tested positive for cocaine and opiates.  *Alleged Violations Report Report*, attached hereto as *Ex*. C.  If Plaintiff's parole is subsequently revoked and he attempts to recover damages related to his claim, at a later date, that there was a lack of probable cause to support his arrest, such a claim could be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

the amount of $157,139 and punitive damages of $6,000,000.  *Id*. at 14.

### III.    STANDARD OF REVIEW

In resolving a motion to dismiss, pursuant to Rule 12(b)(6), the court must construe the

factual allegations in the complaint in the light most favorable to plaintiff, but need not accept

the legal conclusions or allegations without factual support in the allegations made.  *Bell Atl.*

*Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  The Court is limited to considering facts

alleged in the complaint, any documents attached to or incorporated in the complaint, matters of

which the court may take judicial notice, and matters of public record.  *EEOC v. St. Francis*

*Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).[3]  Here, Plaintiff has not pled any

facts that state a claim under 1983.

### III.    ARGUMENT

#### A.    Sovereign Immunity Bars Any Constitutional Claims Against the Parole Commission And The Individual Defendants In Their Official Capacities

To the extent that Plaintiff seeks damages for alleged constitutional violations against the

Federal Defendants in their official capacities, these claims must be dismissed absent a waiver of

sovereign immunity.  *F.D.I.C. v. Meyer,* 510 U.S. 471, 474 (1994); *Meyer v. Reno*,  911 F. Supp.

---

[3]    Generally speaking, the Court should not consider matters beyond the pleadings without converting the motion for summary judgment.  *See* Fed. R. Civ. P. 12(b)(6). Nonetheless, there are important exceptions to this general principle.  The Court may properly take judicial notice of court records without converting a motion to dismiss into a motion for summary judgment.  *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001)("in determining whether a complaint fails to state a claim, the court may. . . take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); *Himmelman v. MCI Communications,104* F. Supp. 2d 1, 3 (D.D.C. 2000)("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.")

11 (D.D.C. 1996); *Marshall v. Reno*, 915 F. Supp. 426 (D.D.C. 1996); *Deutsch v. U.S. Dept. of Justice*, 881 F. Supp. 49, 55 (D.D.C. 1995).  The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver.  *See United States v. Nordic Village*, 503 U.S. 30 (1992).  Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government.  *Clark v. Library of Congress*, 750 F.2d 89, 101-02 (D.C. Cir. 1984).   Plaintiff's complaint does not contain any colorable basis for such a waiver.[4]  Therefore, to the extent Plaintiff asserts claims for damages against either the Federal Defendants in their official capacities and the Parole Commission as an agency, such claims must be dismissed for lack of subject matter jurisdiction.  *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1100 (D.C. Cir. 2005).  The Court has previously dismissed Plaintiff's complaint in another matter on these very grounds.  *Epps v. Howes*, 2007 U.S. Dist. Lexis 55093, *10 (D.D.C. 2007).

**B.      Plaintiff's claims against the  U.S. Parole Commission fail to state a claim under §1983**

Furthermore, Plaintiff's claims against the Commission are subject to dismissal because the Commission is not a "person".  Section 1983 permits suit against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of an State or Territory or the District of Columbia".  The U.S. Parole Commission is not a "person" for purposes of this

---

[4] When a plaintiff seeks monetary relief in tort against a department of the United States, the only possible basis for relief would be under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  Plaintiff does not assert that he has exhausted necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim.  *GAF Corp. v. United States*, 818 F.2d 901, 904-05 & n.6 (D.C. Cir. 1987).  Regardless, the United States has not waived sovereign immunity for constitutional torts.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994)*; Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir.1984).

statute, and therefore cannot be sued under §1983. *See Al Fayad v. C.I.A.*, 229 F.3d 272 (D.C. Cir. 2000)(government is not a "person" absent affirmative evidence in statute of intent to include sovereign government within term); *Settles*, *supra*. Accordingly, Plaintiff cannot maintain a claim against the Commission under 1983 and dismissal is proper.

### C.    PLAINTIFF FAILS TO STATE A CLAIM

1.    Plaintiff states no basis for *Bivens*[5] claims brought against the Individual Federal Defendant and respondeat superior may not be the basis of a *Bivens* suit

It does not appear that Plaintiff has attempted to assert a Bivens claim here, but even if he amended his complaint to do so, that effort would be futile. Respondeat superior has been consistently rejected as a basis for the imposition of §1983 or *Bivens* liability. *Marshall v. Reno*, 915 F.Supp. 426, 430 (D.D.C. 1996); *see also Monell v. Dep't of Social Srvcs*, 436 U.S. 658, 691 (1978); *Boykin v. District of Columbia*, 689 F.2d 1092, 1097-99 (D.C. Cir. 1982); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1987). In the absence of allegations that the named defendants personally participated in the events that gave rise to the plaintiff's claims or any corroborative allegations to support the inference that these defendants had notice of or acquiesced in such events, dismissal is appropriate. *Marshall* at 429-30. *See also Cameron v. Thornburg*, 983 F.2d 253, 258 (D.C. Cir. 1993) (complaint naming Attorney General and BOP Director as defendants based on theory of respondeat superior, without allegations specifying their involvement in the case, do not state *Bivens* claim); *Rizzo v. Goode*, 423 U.S. 362 (1976) (defendants in *Bivens* action dismissed if no personal involvement or participation in alleged unconstitutional actions).

---

[5]    *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narc.*, 403 U.S. 388 (1971).

In the within matter, to the extent the complaint is construed to attempt to assert a *Bivens* claim, Plaintiff has failed, not only to state any facts raising a *Bivens* claim, but he failed to allege any facts period. This is an insufficient basis upon which to maintain a *Bivens* action. To the extent that Plaintiff predicates this complaint upon the general supervisory responsibilities of the Attorney General and CSO Alston, absent any specific allegations of direct involvement by any of these defendants in such violations, any *Bivens* claims against them must be dismissed. *Epps v. Howes*, supra, *10.

2.     4th Amendment Claim

The only Federal Defendant against whom Plaintiff levels any factual allegations is CSO James. This claim is patently meritless because it lacks factual accuracy and should be dismissed. Plaintiff claims that his arrest on the Commission's warrant on September 8, 2006, was an improper seizure because the Commission's warrant was based upon facts that had been misrepresented by CSO James. The parole statute at D.C. Code § 24-405, requires "reliable information" that a prisoner has violated his parole for a warrant to be issued. The Commission's regulations at 28 C.F.R. § 2.98, require that "satisfactory" evidence that a parolee has violated the conditions of release be presented to the Commission before a warrant can be issued.

Plaintiffs' allegation that CSO James "misrepresented facts" at the probable cause hearing suggests Plaintiff was improperly held until his parole revocation hearing. However, there is not one shred of evidence to contradict CSO James' reports. Plaintiff has not even pled any facts that contradict CSO James' reports. The record is clear. It shows that CSO James report indicated that Plaintiff failed to report as directed on several occasions, failed to report for drug

7

testing on several occasions, he admitted that he was using cocaine and drug testing showed that

he had used drugs.  The warrant was validly issued based upon allegations that plaintiff had

violated the conditions of parole including a more recent arrest in February 2007.  Plaintiff has

failed even to allege facts that dispute the facts recited in the CSO James' report.

       3.        Fifth Amendment Claim

       Plaintiff alleges that his due process rights were violated because a probable cause

hearing was not conducted within five (5) days of his arrest as required by 28 C.F.R. §2.101.

Plaintiff was arrested on September 8, 2006 and his probable cause hearing was seven days later

on September 15, 2006.[6]  Absent a showing that the delay was unreasonable and prejudicial,

Plaintiff fails to state a cause of action.  *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir.

1983); *Maslauskas v. U. S. Bd. of Parole*, 639 F.2d 935, 938 (3d Cir. 1980) (finding that where

plaintiff failed to allege unlawful delay of dispositional review by failing to show that the delay

was unreasonable and prejudicial).  Plaintiff's complaint is bereft of such facts and there is no

basis to conclude that Plaintiff can demonstrate that such a brief delay meets the standard.

       The revocation of parole is not part of a criminal prosecution and thus the full panoply of

rights due a defendant does not apply.  *Morrissey v. Brewer*, 408 U.S. 471, 494 (1972)(setting

forth the minimum requirements of due process in revoking parole while noting that revocation

deprives the individual of conditional not absolute liberty) .  A parolee has a Fifth Amendment

liberty interest in maintaining "conditional" freedom and therefore is entitled to due process prior

to revocation.  *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996) (citing

---

      [6]     The probable cause hearing on September 15, 2006, was held within five (5) days of the Commission receiving notice from the USMS that Plaintiff was in custody.

*Morrissey*, *supra*).  The entitlement, however, is limited to notice and an opportunity to be heard in a reasonably timely manner.  *Id.* at 1421-24.  To establish a constitutional violation, Plaintiff must show that the delay was unreasonable and prejudicial.  *Sutherland*, *supra* (concluding that a 33-month delay in holding a parole revocation hearing did not raise a due process violation where plaintiff offered no proof that the delay prejudiced his defense); *Briscoe-El v. Gaines*, 2006 U.S. Dist. Lexis 41474 (D.D.C. 2006)(rejecting a claim that a two (2) day delay in holding a probable cause hearing and a longer delay in holding a revocation hearing raised a constitutional violation where plaintiff had not shown prejudice); *Robinson v. United States Parole Commission*, 2006 U.S. Dist. Lexis 56425 (D.D.C)(rejecting a claim that a fifty (50) day delay in holding a probable cause hearing was unconstitutional given the circumstances).

Here, Plaintiff has failed to plead facts establishing that the two-day delay in getting a hearing was unreasonable or prejudicial.  Moreover, Plaintiff did get a hearing within the time required by the regulations as soon as the Parole Commission was informed that he was in custody.  Therefore, Plaintiff's allegation that the delay in getting a probable cause hearing violated his constitutional rights fails to state a claim.  Accordingly dismissal is proper because the diminimis delay in holding a probable cause hearing cannot establish a constitutional violation in light of this Circuit's jurisprudence on the issue.

4.     6th Amendment Claim

It is well settled that inmates have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S.817, 823 (1977).  In *Bounds*, the Court opined that meaningful access could be provided by availing to inmates adequately stocked law libraries or assistance from persons trained in the law.  *Id*.  In *Lewis v. Casey*, 518 U.S. 343 (1996), the Court explained

9

that the plaintiff must show that as a result of defendant's actions, a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied, by inadequacies of the law library that he was unable even to file a complaint. *Id*.

Here, Plaintiff alleges that he did not receive representation during his parole revocation hearing. Plaintiff was provided with counsel after his arrest on the Commission's warrant because the Commission's regulations provide parolees with the opportunity to have representation by an attorney at the revocation hearing, or appointment of counsel if they cannot afford an attorney. 28 C. F. R. § 2.103(e). At his hearing, the record indicates that Plaintiff waived his right to counsel. Plaintiff's violations were technical in nature and did not involve "complex documentary evidence" or legal issues which would have required representation. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). The record shows that Plaintiff successfully defended himself against the charges because he was reinstated to parole after the Commission made no finding on the violations. Therefore, Plaintiff cannot establish a violation of his constitutional rights under *Bounds*.

### D.   Defendants Are Entitled To Qualified Immunity

To the extent that Plaintiff's claims could be construed as seeking damages personally, the individually-named Federal Defendants would be entitled to qualified immunity.[7] Although

---

[7]      Several circuits have held that quasi-judicial absolute immunity applies to parole officers or members of a parole board. *Fletcher v. District of Columbia*, 481 F.Supp2d 155, 165 (D.D.C. 2007). These courts have reached this conclusion because parole board officials "perform functionally comparable tasks to judges when they decide whether to grant, deny, or revoke parole." *See also Pate v. United States*, 277 F.Supp2d , 10-11 (D.D.C 2004.)(noting that

the complaint is unclear, Plaintiff may argue that he is seeking monetary damages against the Federal Defendants. Qualified immunity shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* The D.C. Circuit, in *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity grounds] unless '[t]he contours of the right [were] sufficiently clear that a reasonable official would [have] underst[ood] that what he [was] doing violate [d] that right.' " *Harris v. District of Columbia*, 932 F.2d 10, 13 (D.C. Cir. 1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *aff'd* 922 F.2d 443 (8th Cir. 1990)).

By "provid[ing] government officials with the ability reasonably to anticipate when their conduct may give rise to liability for damages," *Anderson*, 483 U.S. at 646, the doctrine of qualified immunity strikes a balance between compensating those injured by official conduct and protecting the Government's basic ability to function. *See Harlow*, 457 U.S. at 813-14. In other words, qualified immunity is designed to mitigate the social costs of exposing government officials to personal liability – costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.*

---

although this Court's Circuit Court of Appeals has not definitively ruled on this precise issue, this Court is confident that its ruling accurately predicts how this Circuit would likely rule on this issue when it is presented to it).

at 816; *see also Harris*, 932 F.2d at 13.

In determining whether an official is entitled to qualified immunity from personal liability, there is a two-step process that should be followed by a federal court. *Saucier v. Katz*, 121 S. Ct. 2151 (2001). A court should begin with this first step: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 2156. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* Therefore, if the first portion of the two-pronged test is not met, that is, there is no constitutional violation, then the defendants are entitled to qualified immunity. *See Farmer v. Moritsugu*, 163 F.3d at 613 (D.C. Cir. 1998) (no Eighth Amendment showing of deliberate indifference by BOP Medical Director; therefore, he was entitled to qualified immunity); *Verdecia v. Adams*, 327 F.3d 1171, 1177 (10th Cir. 2003) ("Because *Verdecia* cannot meet the first portion of the two-pronged test, the defendants are entitled to qualified immunity.").

Here, Plaintiff cannot satisfy the first prong of the *Harlow* test because there was no constitutional violation. Plaintiff's allegations that his Fourth, Fifth, Sixth, Eighth and Fourteenth amendment constitutional rights were violated are not supported by the facts. On the contrary, the facts show that Plaintiff almost gratuitously engaged in conduct that could support a revocation of his parole. This conduct was cataloged by CSO James who properly requested a warrant for Plaintiff's arrest. Similarly, like his Eighth Amendment violation claim, Plaintiff has not pled facts that would support a Fourth or Fifth Amendment violation. The record shows that

12

Plaintiff was represented by counsel at his revocation hearing but that he waived same. Accordingly, there is no basis for a finding that Plaintiff's constitutional rights were violated necessitating a review under the second prong of *Harlow*.

Nevertheless, assuming arguendo the complaint could be interpreted to sufficiently state that Federal Defendant committed unconstitutional acts, as discussed above, plaintiff failed to articulate how his constitutional rights were clearly established. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Accordingly, the Federal Defendants are entitled to qualified immunity from suit.

### E.    Plaintiff Has Not Perfected Service Against Individual Defendants

None of the Individual Defendants in this action were properly served with the complaint in accordance with the rules applicable to Individual Defendants. *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, to the extent that a plaintiff attempts to pursue an action against federal employees in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Fed. R. Civ. P. 4(e). *Id*. The Rule provides that service is effectuated by complying with the laws of the state in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. *Sieg v. Karnes*, 693 F.2d 803 (8th Cir.

13

1982); *See also Stafford v. Briggs*, 444 U.S. 527 (1980).

The District Court will lack personal jurisdiction over the federal officials, until *all* of the

provisions of Rule 4(i)(1) and (2) are met. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*,

845 F.2d 113, 116 (6th Cir. 1988); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592, 594 (1st Cir.

1982). It is the plaintiff in a civil action who has the burden of establishing the validity of

service of process. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476,

488 (3d Cir. 1993); *Lensel Lopez v. Cordero*, 659 F. Supp. 889, 890 (D.P.R. 1987).

In this case, it appears that Plaintiff served the Individual Defendants only at their places

of work. *See Docket Entry 7 & 9*. Service at a defendants' place of employment is not proper

service. Because the record in this action is devoid of any evidence of proper personal service

upon the Federal Defendants in their individual capacities, to the extent the complaint can be

construed to attempt to sue the Federal Defendants individually, this action cannot proceed

against them and all claims against the Individual Defendants should be dismissed pursuant to

Fed. R. Civ. P. 12(b)(5).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Federal Defendants should be

dismissed with prejudice.

Respectfully submitted,

_/s/_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157 (telephone)
(202) 514-8780 (facsimile)

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LARRY D. EPPS,** | ) |
|  | ) |
| **Plaintiff** | ) |
|  | ) |
|  | ) **Civil Action No. 07-1188  (RCM)** |
| **v.** | ) **(ECF)** |
|  | ) |
| **U.S. ATTORNEY GENERAL, et al.** | ) |
|  | ) |
| **Defendants.** | ) |

### <u>ORDER</u>

UPON CONSIDERATION of the Federal Defendants' Motion to Dismiss, support thereof,

the grounds stated therefor and the entire record in this matter, it is by the Court this _____

day of _____, 2007, hereby

ORDERED that the said motion be and hereby is granted; and it is

FURTHER ORDERED Plaintiff's complaint is dismissed with prejudice.


_____
UNITED STATES DISTRICT JUDGE

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530

Larry D. Epps
DC# 188-413
1901 D Street, S.E.
Washington, D.C. 20003

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 5TH of November 2007, I caused service of the foregoing to be made on the *pro se* plaintiff:

Larry D. Epps
DC # 188413
D.C. Jail
1901 D Street, S.E.
Washington, DC 20003

\_\_\_\_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney



# Court Services and Offender Supervision Agency
## for the District of Columbia

*Community Supervision Services*

*Branch IIB, General Supervision    General Supervision - Team 53*

### Alleged Violation(s) Report

8/15/2006



**To:**    Bransky Mark

The United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, MD 20815

| | | | |
|---|---|---|---|
| **From:** | Emesha James<br>Community Supervision Officer | **Unit:** | Branch IIB, General Supervision<br>General Supervision - Team 53 |
| | | **Telephone:** | 202-585-7804 |
| | | **Fax:** | 202-585-7829 |
| **Please send all inquiries to:** | 1418 GOOD HOPE RD<br>WASHINGTON, DC | | |
| | | **Email:** | emesha.james@csosa.gov |

**Subject:**    Non-Compliance with Parole

**Docket:**    F-9286-88B

**Offender:**    LARRY D EPPS

**Address:**    292110th Street
Washington, DC 20017

**FEDREG #:**    36966-118

**FBI #:**    278412M4

**DCDC #:**    188-413

**PDID #:**    304-430



**Action Recommended:**    Warrant



Court Services and Offender Supervision Agency                                    Page 2

**Name:** Larry Epps
**PDID#:** 304-430
**Subject:** Alleged Violation Report

## SENTENCING INFORMATION:

Larry D. Epps is a 51 year old male who was sentenced on June 26, 1990 by Judge Wolf for:

2nd Degree Murder

Mr. Epps began parole on October 8, 2005.  He will be on parole for life.

Drug Testing
Drug/Alcohol Treatment

## ALLEGED VIOLATION(S)

Since June 1, 2006, Larry D. Epps is alleged to have violated the following conditions and had the corresponding sanction(s) imposed:

Failed To Report As Directed
      Sanction:     Daily Check-In with Supervision
                      SCSO Conference
      The offender failed to report to supervision as directed on July 25, 2006, July 27, 2006, August 2, 2006, August 3, 2006, August 4, 2006 and August 7, 2006.
Failed To Report for Drug Test
      Sanction:     Therapeutic Tasks
      The offender failed to report to drug testing on April 3, 2006, April 6, 2006, May 8, 2006, May 15, 2006, May 18, 2006, June 5, 2006, June 12, 2006, and June 15, 2006.
Failed to Report for treatment assessment
      Sanction:     AVR
      The offender failed to report for scheduled CIT assessment on August 11, 2006.

## CASE SUMMARY:

Larry D. Epps lives at 2921 10th Street Washington, DC 20017 and can be reached at (202) 361-6296 by telephone.  Mr. Epps has been at this place of residence for 7 months. The last home verification was on attempted on July 31, 2006.  The offender is self employed.  The offender is the sole owner of Epps, Patterson and Lassiter General Contractors.

Mr. Epps initially reported to supervision on October 12, 2005.  The offender was orientated to the general conditions of supervision.  The offender was released on parole as a public law placement.  At the initial interview the offender requested that his case be prepared for transfer through Interstate procedures to California.  The offender wanted to reside with a friend Howard McDonough.  While awaiting transfer the offender had made arrangements to reside with Isaiah Poole in the District of Columbia.

To assist the offender with securing employment, the offender was referred to the Vocational Opportunities Training Education and Employment (VOTEE) program on January 31, 2006.

Court Services and Offender Supervision Agency                                    Page 3

**Name:** Larry Epps
**PDID#:** 304-430
**Subject:** Alleged Violation Report

The offender reported to Mr. Groves VOTEE counselor his interests in computers and starting his own contracting business. The offender was referred to Rehabilitation Services Administration for assistance with the process of beginning a new business.

In February 2006 the offender began his own construction business, Epps, Patterson and Lassiter General Contractors. The offender provided a copy of his certificate of organization, articles of incorporation, website and tax identification number. The offender was able to secure a loan to purchase a truck to haul equipment. The offender was advised that employment would be verified through his submittal of signed work contracts. The offender has complied with this officer's request regarding employment.

Mr. Epps has several medical issues in which he has been addressing since his release to supervision. The offender has provided documentation for his hospitalization on March 25, 2006 with a discharge of the same date. He provided documentation for March 31, 2006 and April 18, 2006. Further the offender provided documentation from his physician indicating his inability to urinate on demand and advising that he is under the care of an urologist. This officer requested that the offender be placed on oral testing until his medical ailments are resolved. In addition the offender was directed to continue to report to drug testing and attempt to provide specimen until oral testing is approved.

At this time the offender's overall adjustment is unsatisfactory. The offender has failed to report to supervision as directed on July 25, 2006, July 27, 2006, August 2, 2006, August 3, 2006, August 4, 2006 and August 7, 2006. The offender failed to report to drug testing as instructed on April 3, 2006, April 6, 2006, May 8, 2006, May 15, 2006, May 18, 2006, June 5, 2006, June 12, 2006, June 15, 2006, August 1, 2006 and August 8, 2006. Please see the attached drug status report and referral for drug and alcohol testing.

The offender resumed contact with supervision on August 1, 2006. The offender reported that he has been using cocaine. He requested assistance with obtaining treatment. He reports that he tried to self admit into detox but was not accepted. The offender was placed on daily reporting, directed to resume drug testing, directed to provide a copy of TB test and attend at least 3 NA/AA groups per week. The offender failed to report to supervision as directed on August 2, 2006. The offender contacted this officer on August 3, 2006 and left a voice message indicating that he was trying to get himself together and he did not want a warrant to be issued for his arrest. The offender did not report back to supervision in person until August 9, 2006. A supervisory conference was held and the offender was confronted with his recently reported use of cocaine. The offender attributed his relapse to the death of his father. The offender was offered grief counseling and accepted. A referral was submitted. The offender was directed to attend a treatment assessment with the Central Intervention Team (CIT) on August 11, 2006. The offender failed to report as directed. When this officer addressed failure to report with the offender he reported that he passed out.

**RECOMMENDATION:**

This Community Supervision Officer concludes that the offender poses a moderate risk for Community Supervision because of his failure to follow through with the directions given by supervision directions. Therefore, this Community Supervision Officer is respectfully requesting a warrant.

Court Services and Offender Supervision Agency                                          Page 4

**Name:** Larry Epps
**PDID#:** 304-430
**Subject:** Alleged Violation Report

Respectfully submitted,


8/15/2006

_____                    _____
                                                    (Date)

Emesha James
Community Supervision Officer
Telephone Number: 202-585-7804


**Approved by:**


8/15/2006

_____                    _____
                                                    (Date)

Joseph Alston
Supervisory Community Supervision Officer
Telephone Number: 202-585-7829


cc: File

## D.C. PROBABLE CAUSE HEARING DIGEST

| | |
|---|---|
| Name..............................: **Epps, Larry** | Date Warrant Executed.: _9.8.06_ |
| Reg. No. ..........................: **36966-118** | Hearing Date ........: _9.15.06_ |
| Type of Release ............:Parole | Examiner ...............: _McLea_ |
| Full Term Date When Warrant Issued..: Life | Supervision Officer: **Emesha James** |

## Attorney at Probable Cause Hearing:

[ ] PDS     [ ] Other     [ ] None

Name_____ Megino Skolnick_____

Address_____ PDS / DC_____

_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[ ] PDS     [ ] Other     [ ] Unknown

Name_____ Same As Above._____

Address_____

_____

Phone_____

## I. Items Advised *{Check that the subject has been advised of the following two rights}:*

[ ] Advised of Right to a Probable Cause Hearing   [ ] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[  ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

    [ ] At Request of Attorney/Prisoner     [ ] Prisoner Unavailable

    [ ] Other Reason:_____

[  ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

**EXHIBIT**
12

**Epps, Larry**
**Reg. No. 36966-118    DCDC No. 188-413**

## III. Review of Charges:

**Charge No. 1 - Failure to Submit to Drug Testing**

[  ] ADMITS          [ X ] DENIES

The Subject's Response:

Some of the dates reflect the dates he was unable to provide urine due to his prostrate.

[ X ] **Probable Cause Found.** After considering the violation report dated 8-15-2006, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[  ] **No Probable Cause Found**

**Charge No. 2 - Failure to Report to Supervising Officer as Directed**

[  ] ADMITS          [ X ] DENIES

The Subject's Response:

[ X ] **Probable Cause Found.** After considering the violation report dated 8-15-2006, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

[   ] No Probable Cause Found

Charge No. 3-Use of Dangerous and Habit Forming Drugs.

[   ] ADMITS          [   ] DENIES

The Subject's Response:

[   ] Probable Cause Found. After considering the violation report dated 8-15-2006, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[   ] No Probable Cause Found

IV. Additional Charges:

## V. Outcome of Probable Cause Hearing:

[ ✓ ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge. **Discharge from Custody immediately and**

      [ ] **Reinstate** to Supervision or [ ] **Close Case** *[If expiration date has passed]*

[ ] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and

      [ ] **Summon** to revocation hearing or [ ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Eniesha James
Status:____Approved           ____Not Approved           ____Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [ ] Denied at PC Hearing     [ ] Approved at PC Hearing     [ ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial:_____

_____

_____


Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial:_____

_____

**VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:**

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____


Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

**IX.   Revocation Hearing:**

[ ✓ ] Local Revocation or    [ ] Combined Probable Cause/Local Revocation on:

Location: [ ✓ ] CTF   [ ] DC Jail   **Date:** 11 | 8 | 06   **Time:** [ ] am   [ ✓ ] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address:  continue.hearing@usdoj.gov**

_____

_____    _____

Attorney/Prisoner                Date

_____

**Additional Text:**

Subject has medical condition ⇒ Diabetis ; + Swollen Prostate. (+) Have not rec'ved TX since his arrest. Per Subject arrested In his CSO office @ 2:30 pm on 9/7/06 — (USM - did not notify USPC via fax of Subject's arrest until 9/11/06. — Per Subj- he is a General Contractor — long duration of Confinement will affect his business /Family

Examiner                9/15/06

Examiner                Date

**Disclosure Documents:**  Warrant dated 8-25-2006, Warrant Application dated  8-25-2006, Violation Report dated  8-15-2006, with attachments, Parole Certificate dated  9-29-2005, and Pre-Sentence Report.

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____    9-15-06

Attorney/Prisoner                Date

**Epps,  Larry**
**Reg. No. 36966-118   DCDC No. 188-413**



**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*CJP Branch   Offender Empl/Voc Program*

### Alleged Violation(s) Report

2/6/2007

**To:**

The United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, MD 20815



| | | | |
|---|---|---|---|
| **From:** | Emesha James<br>Community Supervision Officer | **Unit:** | Team 53 |
| | | **Telephone:** | (202) 585-7804 |
| **Please send**<br>**all inquiries**<br>**to:** | 1418 Good Hope Road<br>Washington, DC 20020 | **Fax:** | (202) 585-7840 |
| | | **Email:** | emesha.james@csosa.gov |

| | |
|---|---|
| **Subject:** | Non-Compliance with Parole |
| **Docket:** | F-9286-88B |
| **Offender:** | LARRY D EPPS |
| **Address:** | 113 Wilmington Place<br>Washington, DC 20032 |
| **FEDREG #:** | 36966-118 |
| **FBI #:** | 278412M4 |
| **DCDC #:** | 188-413 |
| **PDID #:** | 304-430 |

**Action Recommended:** Warrant



EXHIBIT
5

Court Services and Offender Supervision Agency

**Name:** Larry Epps
**PDID:** 304-430
**Subject:** Alleged Violation Report

LARRY D EPPS is a 52 year old male who was sentenced on 5/8/1989 to Not less than 12 years, not more than life for:

2nd Degree Murder

LARRY D EPPS started parole on 10/8/2005 with a full-term/expiration date of 10/8/2050. The offender has the following special conditions:
   Drug Testing
   Drug/Alcohol Treatment

Since 2/4/2007, LARRY D EPPS is alleged to have violated the following conditions and had the corresponding sanction(s) imposed:

Failed To Obey All Laws
      Sanction: 2/6/2007    AVR

This officer was informed by Pretrial Services on 2/5/07 that the offender was arrested on 2/4/07 for possession of drug paraphenialia with intent to use, misuse of tag and operating an unregistered auto.

Tested positive for an illegal substance.
      Sanction: 2/6/07    AVR
According to the drug status report the offender tested positive for cocaine and opiates on 2/5/07.

Larry D. Epps lives at 113 Wilmington Place Washington, DC 20032 and can be reached at (202) 561-0115 by telephone. Mr. Epps has been at this place of residence for 3 months. The last home verification was on 1/17/07 and was verified during an in person home visit.

Mr. Epps last reported employment with National Tire and Battery 12241 Nebel Street Rockville, MD. The offender has reported employment with the company since November 2006. However, the offender has not submitted any pay stubs for employment verification.

Mr. Epps was reinstated to parole supervision in November 2006. The offender reported to supervision upon release. The offender reported residence with his girlfriend Linda McNeal. Within 30 days of his release, the offender obtained employment with National Tire and Battery as a tire technician.

Court Services and Offender Supervision Agency

**Name:** Larry Epps
**PDID:** 304-430
**Subject:** Alleged Violation Report

This officer was informed on 2/5/07, that Mr. Epps was rearrested for possession of drug paraphernalia with intent to use, misuse of tag and operating an unregistered auto. According to court view the offender is scheduled to attend a detention hearing on 2/12/07 in Dkt.# 2007 CMD-003027 for Possession of Drug Paraphernalia before Judge Wingo. The offender is also scheduled to appear for a status hearing on 4/29/07 in Dkt.# 2007-CTF-003029 for misuse of tag and unregistered auto before Judge McCarthy. According to the drug status report, at the time of lockup the offender tested positive for cocaine and opiates. This officer is awaiting GCMS verification and upon receipt will forward to USPC. At this time the offender is currently being detained at the Central Detention Facility.

This Community Supervision Officer concludes that the offender poses a potential risk for Community Supervision because he continues to participate in illegal activities. Therefore, this Community Supervision Officer is respectfully requesting a warrant.

Respectfully submitted,

_(signature)_

_____

Emesha James
Community Supervision Officer
Telephone Number: (202) 585-7804

2/6/2007
_____
(Date)

**Approved by:**

_(signature)_

_____

Joseph Alston
Supervisory Community Supervision Officer
Telephone Number: (202) 585-7803

_____
(Date)

cc: File

8-0024

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.

ARREST/PROSECUTION REPORT
G.O. 401 5

163 Rev. 1/2002

| | |
|---|---|
| 2. ID NUMBER (ID ONLY) | 304430 |

1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY)

4. CID NUMBER

3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY)

7. DEA LAB NUMBER

INT. ARREST NO.
0700533

6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest)
Washington, James

11. PHONE NUMBER
202-561-0115

Arresting Officer's Name
Lafranchise, James M

| 9. TYPE OF RELEASE | 10. NICKNAME / ALIAS |
|---|---|
| ☐ CITATION ☐ BOND | Epps, Larry Darnell |
| ☐ COLLATERAL | |

14. TIME IN D.C.
LIFE

Rank
OFCT

Badge #
S-127

Agency
MPD

12. COURT DATE
2-5-06

13. ADDRESS (Include Room / Apt. City & State if Outside D.C.)
113 Wilmington Place SE #303

18. BIRTHDATE
10/13/55   56

19. SOCIAL SECURITY NUMBER
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

| 16. SEX | 17. RACE |
|---|---|
| Male | Black |

| ☐ CHILD ABUSE | ☐ GANG | ☐ HATE | SPECIAL INTELLIGENCE | ☐ SENIOR CITIZEN | ☐ DOMESTIC VIOLENCE |
|---|---|---|---|---|---|

26. PERMIT NO/ST
1746286/DC

27. BIRTHPLACE (City & State)
Washington, D. C.

| NEED INTERPRETER ☐ YES ☐ NO | 21. HEIGHT 5'9" | 22. WEIGHT 150 | 23. HAIR Blk | 24. EYES Blk | 25. COMPLEX Med | 30. ETHNICITY AA | 31. CAUTION |
|---|---|---|---|---|---|---|---|

29. IMPERSONATOR?
☐ M   ☐ F   ☐ NO

CO-DEFENDANTS: Number ____ list on back

32. SCARS/MARKS/TATTOOS

NAME, ADDRESS, ZIP CODE AND PHONE NUMBER

| 33. HAT Brown | 34. JACKET | 35. PANTS Brown |
|---|---|---|
| 36. COAT Brown | 37. SHIRT Brown | 38. SKIRT/DRESS |

39. WALES/NCIC CHECK

| CHECK MADE BY (Name) | NCIC NUMBER | WARRANT ON FILE (If Yes, enter Warrant Numbers) Yes ☐ No ☐ | DATE OF OFFENSE 2-4-07 | TIME OF OFFENSE 0923 |
|---|---|---|---|---|

40. LOCATION OF OFFENSE (Exact Address, Include Room / Apt No.)
2100 Block Alabama Avenue Southeast

DATE OF ARREST 2-4-07 | TIME OF ARREST 0925

40. LOCATION OF ARREST (Exact Address, Include Room / Apt No.)
2300 Block Alabama Avenue Southeast

41. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY

42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY

43. DEFENDANT ADVISED OF RIGHTS
OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A

BADGE NO. | UNIT

| DATE | TIME | LOCATION NOT ADVISED |
|---|---|---|

44. COMPLAINANTS / WITNESSES (If sworn member – Name, Rank, Badge No. and Unit)   MORE ☐ See Back
ADDRESS – STREET, CITY, STATE, ZIP CODE

BIRTHDATE | HOME PHONE NO. | WORK PHONE NO.

NAME – LAST, FIRST, M.I.
W-1   Society

ADULT | 202-698-1500

W-2   Lafranchise, James M   2455 Alabama Avenue Southeast

| 46. TACTICS 4 – Traffic Stop | 47. PREMISES 29 – Vehicle | 48. SCHOOL ZONE PUBLIC HOUSING ☐ |
|---|---|---|

45. SPEC. OPS
None

| CHARGES | NCI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLL/BOND RECEIPT NO. |
|---|---|---|---|---|
| 1. PDP With Intent to Use | | 016-018 | | |
| 2. Misuse of Tag | | 016-018 | | |
| 3. Operating an Unregistered Auto | | 016-018 | | |
| 4. | | | | |
| 5. | | | | |

50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | 51. INITALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT

PROPERTY BOOK PAGE NO. | CSES NO.

| 1571 | 369 |
|---|---|
| 1281 | 37 |

52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS

| FOR USE ONLY | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX. | SCARS/MARKS/TATTOOS |
|---|---|---|---|---|---|---|

25

DISTRIBUTION: Page 1 to ID & R; Page 2 & 3 to Prosecutor, Page 4. Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

02/06/2007 18:28 FAX
05/2007 16:18 FAX 2025857501

SPECIAL PROJECTS

| | 55. EMPLOYMENT HISTORY (Use present employment if any, on line 1) | | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|
| FROM -DATE -TO | EMPLOYER | ADDRESS | 301-881-6134 | Tire Repair |
| Present | MBT Tires | Rockville, MD | | |

| 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES (Begin with immediate family) | | | PHONE NUMBER |
|---|---|---|---|
| | NAME - LAST, FIRST, M.I. | ADDRESS - STREET, CITY, STATE, ZIP CODE | |
| RELATIONSHIP | DOB/AGE | | |

MILITARY SERVICE: BRANCH/DATE FROM - TO

57. TELEPHONE CALL MADE
☐ YES  ☒ NO  ☐ REFUSED

59. PHONE NUMBER

58. (Use Continuation Form PD 102A for additional space. Note present condition of any injured person(s).)

'A

STATEMENT OF FACTS:   (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. Refer to them as W1 or W2, etc as indicated in item 31.)

ne event occurred on 2-4-07 at approximately 0923 at 2100 Block Alabama Avenue Southeast in Washington DC.

n February 4, 2007, at approximately 0923 hours, while in the 2100 block of Alabama Avenue Southeast, Washington, D. C., the undersigned observed a grey Ford with one rear District of Columbia license plate and no inspetion/registration sticker displayed. A trafic top was initiated and the vehicle was stopped in the 2400 block of Alabama Avenue SE. The driver, later identified by DC driver's cense as Larry Epps, was advised why he was stopped. Mr. Epps was asked for his driver's license, registration and proof of insurance. Mr. Epps produced his license but stated that the vehicle belonged to his daughter and he was going to Auto Zone to get parts to fix the ehicle. A WALES check of the tag revealed that it is registered to a Toyota. Mr. Epps was then placed under arrest. A search incident to rrest revealed from his rear right pants pocket a rolled up piece of tiolet paper with a syringe with a clear liquid at the very tip and from is front left pants pocket was a rubber tube that is commonly used to make a vien more visible for injecting heroin. Also found in the onsole next to where Mr. Epps was seated was a small plastic bottle that has been fashioned into a makeshift pipe commonly used to moke crack cocaine. Mr. Epps was asked if he was on parole or probation and he stated he was. When asked what for he stated Murder. Mr. Epps was then asked if his urine would be dirty and he stated probably. The undersigned then asked Mr. Epps the last time he used heroin and he stated last night. Mr. Epps was then transported to the 7th District where he was processed further.
Mr. Epps was subsequently identified as James Washington form prior arrests.
A WALES check of the Vehicle Identification Number of 1FMDU34X6NUA98736 revealed that the vehicle was once registered in Virginia but the registration has lapsed.

61. DEFENDANT'S VERSION / REMARKS:   [What did defendant say about the offense and his/her whereabouts at the time of offense?
[Use PD 118 for defendant's written statement.]]

SEE ABOVE

| 62. RECORD CLERK'S NAME | 3. | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|
| ARREST RECORD SUMMARY | 4. | 6. | |
| 1.                    2. | | | |

63. BAIL REFORM ACT CASES: Was a statement made by defendant in relusnce to his/her failure to appear? ☐ Yes ☐ no
(If yes, include in Defendant's Version/Remarks Section above.)

| 65. PRINTED NAME - OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 66. SIGNATURE OF REVIEWING OFFICIAL | |
|---|---|---|---|---|
| Lafranchise, James M | S-127 | SGT | | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT | DATE | UNIT | DATE |
| | 7D | 2/4/2007 | 7D | 2/4/07 |