IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry D. Epps,<br><br>    Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL, et al..,<br><br>    Defendant | Civil Action No. 07-1188[RMC]<br><br>PLAINTIFF'S AFFIDAVIT IN REBUTTAL TO SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT |

Plaintiff Epps moves this Honorable Court under Fed.R.Civ.P.56[a], for summary judgment. Plaintiff brings this pro-se' action seeking damages for Constitutional rights violations arising from an arrest resulting form a warrant issued by the United States Parole Commission per-request of [CSO] Parole Officer, Emesha James.

In support of this motion Plaintiff respectfully refers the Court to the accompanying memorandum of points and authority and attachments thereto, and to the entire record in this case. A proposed Order consistent with relief sought is attached.

January 28th, 2008

Respectfully Submitted,

Larry D. Epps
DCDC 188-413
1901 D. Street, S.E.
Washington, D.C. 20003

**RECEIVED**

JAN 3 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AFFIDAVIT OF REBUTTAL - 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry D. Epps,<br><br>      Plaintiff,<br><br>V.<br><br>ATTORNEY GENERAL, et al.,<br><br>      Defendant | Civil Action No. 07-1188[RMC]<br><br>PLAINTIFF'S AFFIDAVIT IN REBUTTAL TO SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT |

Plaintiff respectfully Moves this court under Fed.R.Civ.P.56(a) for summary judgment in favor of the Plaintiff, against the United States Attorney General.et al., Named agents/employees, who are subordinates, that acted under color of law.

Plaintiff submits the enclosed evidence that the federal Defendants have failed to bring to the attention of this Court that supports Plaintiff's Complaint; see: disclosure of Ex. (A), Smart Drug Status Report, pg.#1 of 3: Whereas, pg. 3 (Marajuna Metabolite) (THC-COOH) confirm By GCMS "results consistent with Medications Provided." Also see: pg. 2 of same "offender provided Rx Roxicet 5/325 and Doxazoxin Mes, both dated 4/3/06 and Endocet 5/325 mg. Filled 4/13/06 and Marinol 5 mg." Dates:from10/12/07.
Also see: " Natural Cocoa Tea Delisse, 100% Natural Product, Conserves all healing properties of Cocoa leaf, manufactured with Finely chopped leaves." Ex. (a)(1) amd Ex.(a)(2) Oxy Contin.

The Federal Defendants have with erroneous intent, mis - represented key elements in Plaintiff's complaint. The defendant's have

AFFIDAVIT OF REBUTTAL - 2

Plaintiff's time of arrest with their account of the facts; 9/8/06. "Not true!"

Plaintiff's arrest took place in the CSO office of Emesha James, on September 7th, 2006, at 2:15 P.M., by the D.C. Police dept. of the seventh District. Plaintiff's liberty was lost in the office of Emesha James, who had full knowledge of Plaintiff's arrest. Mrs. James, CSO - Officer, had a duty to contact the Parole Commission and inform the Commission that she had executed the warrant in her office on 9/7/06. The law is clear, the D.C. Police who has the authority to make an arrest in the District of Columbia, Executed the parole warrant on 9/7/06.

The warrant in this Matter was executed when Plaintiff was placed under arrest... Not the following day when the U.S. Marshall's processed the paper work, on 9/8/06. The Federal Defendant's violated the law under 28 C.F.R.§ 2.101 (a)1 Due process.

### ARGUMENT

Parole Revocation: Minimal due process protection apply to parole revocation proceedings for Federal and State Prisoners. Although parolees are subject to many restrictions, they enjoy a protected liberty interest in conditional freedom. That interest in continued liberty is significant enough to fall within the scope of fourteenth Amendment protection. More over, Parolee's rely on an implicit promise that their parole will be revoked only through a procedure designed to ensure that the finding of a violation is factually correctly and that the discretionary decision to recommit the parolee to prison is based

on an accurate assessment of the parolee's behavior. See: <u>Morrissey v. Brewer</u> 408 U.S. 471, 482 (1972).

Due process requirements apply to each of the two stages in a typical parole revocation proceeding. First, shortly after a parolee is arrested for a parole violation, a preliminary hearing must be held to determine whether probable cause exists to believe that a parolee has violated parole conditions.

The parolee is entitled to appear and present evidence at this preliminary hearing. And to confront and cross-examine adverse witnesses unless the hearing officer determines that the witness may be harmed if his or her identity were disclosed. If the hearing officer determines that probable cause exists to hold the parolee pending a final revocation decision the officer must summarize the proceedings and state the reasons and evidence supporting t he probable cause finding. If the parolee has been convicted of a crime while on parole, however, no preliminary hearing is required because the conviction itself establishes probable cause to believe that there has been a parole violation.

In the second stage, once probable cause has been established and if the parolee desires, the parole authority must hold a revocation hearing within a reasonable time after the parolee has been taken into custody. The revocation authority must give the parolee notice of the alleged parole violation before the actual hearing. The decision to revoke parole should be based upon a retrospective factual inquiry into whether the parolee should be recommitted to prison or made subject to additional parole conditions aimed at protecting society and improving his or her chances of rehabilitation. At the hearing, evidence against the parolee must be disclosed and the parolee must

AFFIDAVIT OF REBUTTAL - 4

also be allowed to cross-examine witnesses unless the hearing officer specifically finds good cause for preventing such confrontations.

The parolee must be also allowed to present witnesses and documentation into evidence. Furthermore, the parolee may show either that the violation did not take place or did not occur or mitigating circumstance should preclude revocation.

A "neutral and detached" body, such as the parole board, must make the revocation decision and issue a written statement of evidence and the reasons supporting revocation of parole.

Due process does not require appointment of counsel for indigent parolee's in revocation hearings. _Scotto v. Almenas, 143 f.3d 105, 111 (2d. cir. 1998)_, (Parole Officer not absolutely immune for officer's alleged acts of falsely preparing parole violation report and recommending that warrant be issued for parolee's arrest, although officer signing parole warrant entitled to absolute immunity); see: _Dawson v. Newman, 419 F.3d 656, 662 [7th Cir.2005]_ (Parole board member not absolutely immune for allegations of failing to investigate Plaintiff's entitlement to release in ordinary course of everyday duties); _Swift v. Cal., 384 F.3d 1184, 1191 [9th Cir.2004]_ (Parole officer not absolutely immune for investigation of alleged Parole violations).

The Federal DEFENDANTS' see: pg. 12, line 19, of Defendants Motion For Summary Judgment, where the defendants state, "Plaintiff almost gratuitously engaged in conduct that could support a revocation of his parole."

AFFIDAVIT OF REBUTTAL - 5

The Federal DEFENDATS' BY AND THROUGH COUNSEL CLAIM THAT Plaintiff was represented by counsel but waived same. If the court please. Plaintiff would direct the court's attention to.

1. "Mental Health Assessment Diagnostic Recommendation". Where the Federal defendant's claim on pg. 2 of this report listed as Ex.(b)(2); Here they state that the offender relapsed in October of '06, after passing of his Father.

It is clear from the Public record that Plaintiff was in custody the entire month of October. See: Violation Report date April 4th 2007; Where it states Plaintiff is to receive credit towards his re-parole for time from 8/7/06 thru 11/20/06.

2. Defendant CSO Officer, James, charges Plaintiff with failure to submit to drug testing on 9/11/06 and 9/18/06.

Again, Plaintiff was in custody from 9/7/06 thru 11/20/06.

The Federal Officials who are non-medical staffers, have indirectly sought measures through the issuance of warrants for Plaintiff's arrest, to regulate the medical treatment Plaintiff receives. See: Ex.(a)(5) date 3/20/07/, where a letter to CSO James states: Mr. Epps needs to explore other pain medications management.

Plaintiff informed CSO Officer of all medications plaintiff was taking and reported the same to Smart Drug Test Agency. See: Ex.(a) Smart Drug Status Report Dated 2/6/07.

In furtherance, in opposition to defendants' motion, Plaintiff argues that (1) Plaintiff claim against Attorney General, et.al., is based on a Respondeat Superior theory that places him in violation

AFFIDAVIT OF REBUTTAL - 6

of Plaintiff's Constitutional rights by failure to insure that as an employer he/she is liable for the wrongful acts as a result of his employees. As such, as Master, owes duty to use care, to provide that failure of servant to use care does not occur in course of his/her employment. See: <u>Shell Petrolueum Corporation v. Magnolia Pipe Line co., Tex. Civ. App.,85 S.W. 2d. 829,832</u>. Under doctrine an employer is liable for injury to person or property of another approximately resulting from acts of employee done within scope of his/her employment in the employer's service. (Mid-Continent Pipeline Co. v. Crauthers, Okl., 267 P.2d. 568,571).(2) Here, DEFENDANT filed unfounded report which misrepresented facts in the public record thereby falsely seeking a warrant for Plaintiff's arrest. To this end, judgment based on qualified immunity is inappropriate since there are disputed issues of material facts related to circumstances of DEFENDANTS act of having plaintiff arrested. (3) Plaintiff has adduced sufficient evidence to withstand DEFENDANS' argument that his claim should be dismissed. Where DEFEDNDANTS' make a very colorable argument for Summary Judgment, this argument should fail since there are genuine issues of fact related to these claims, they cannot be resolved by Summary Judgment.

In furtherance, The Federal DEFEDNDANTS' have enlisted un-substantiated charges in their memorandum and Points of Authority to attempt to sway this court with three charges for which Plaintiff is currently being held in detention for pending revocation by the same Federal DEFENDANTS.

Charge No. 1- Failure to submit to drug test on 9/11/06,9/18/06,and 1/5,2/9,and 3/16/07.this charge is based on the information contained in the violation report dated, 2/6,and

AFFIDAVIT OF REBUTTAL - 7

3/27/07.

Charge No.2- Use of dangerous and Habit forming Drugs. The releasee submitted urine specimens which tested positive for: Cocaine and opiates on 2/5/07, cocaine on 2/16, 3/2 and 3/9/07.

Charge No.3- Law Violation a) Misuse of Tags. b) Drug Paraphernalia c) Unregistered Vehicle.

Plaintiff is Diabetic

Warrant issued April 4th '07

Here all charges were *none prosequi*

In *Morrissey, et al., v. Brewer, Warden, et al., id pg.500*; Paragraph (2) the parolee is entitled to due process notice and a due process hearing of the alleged violations including, for example, the opportunity to be confronted by his accusers and to present evidence and argument on his own behalf: And (3) the parolee is entitled to the freedom granted a parolee until the results of the hearing are known ad the parole board -- or other authorized state agency -- Acts *fn13

id.at [33 L.Ed.Page 497] [66] If a violation of a condition of parole is involved, rather than the commission of a new offense, there should not be an arrest of the parolee and his return to the prison or to a local jail *fn8 Rather, Notice of the alleged violation should be given to the parolee and a time set for a hearing.

As Mr. JUSTICE BLACKMUN wrote, "this Court now has rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a right or as a privilege." Graham v. Richardson, 403 U.S. 365, 374 (1971). * fn10.

AFFIDAVIT OF REBUTTAL - 8

The parolee is not the only one who has a stake in his conditional liberty. Society has a stake in whatever may be the chance of restoring him to normal and useful life within the law. Society thus has an interest in not having parole revoked because of erroneous information or because of an erroneous evaluation of the need to revoke parole, given the breach of parole conditions. See: *People Ex Rel. Menechino v. Warden*, 27 N.Y. 2d.376,379: and N. 2, 267 N.E. 2d 238, 239, and N.2(1971).Parole board had less than full picture of facts). And society has a further interest in treating the Parole with basic fairness: Fair treatment in Parole revocations will enhance the chance of rehabilitation by avoiding reactions to arbitrariness.*fn11

Also See: *Taylor v. Malone 574 F. Supp. 609 (S.D.N.Y 11/10/83)*
" [19] A motion for summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. (c). Although the burden is on the moving party to show that no genuine issue of fact exists. The non moving party may not rest on mere conclusury allegations to show that an issue exists which should be resolved at trial. See: Harlee v. Hagen 538 F. Supp. 389, 393 (E. D. N.Y. 1982)."

In HARLOW ET AL. V. FITZGERALD [73 L. Ed. Page 811] "Yet we implicitly rejected such a derivative immunity in Butz. fn14 Moreover, in general our cases have followed a 'functional' approach to immunity law. We have recognized that the judicial, prosecutorial, and legislative functions require absolute immunity. But this protection has extended no further than its justification would warrant. In *Gravel*, for example, we emphasized that Senators and their aides were absolutely immune only when performing 'acts

AFFIDAVIT OF REBUTTAL - 9

legislative in nature', and not when taking other acts even 'in their official capacity.' 408 U.S., at 625. See Hutchinson v. Proxmire, 443 U.S. 111,125-133 (1979). Our cases involving judges*fn15 and prosecutors*fn16 have followed a similar line." (FITZGERALD Supra @ 815 & 816) " The subjective element of the good - faith defense frequently has proved incompatible with our admonition in Butz that insubstantial claims should not proceed to trial. Rule 56 of the Federal Rules of Civil Procedure provides that disputed questions of fact ordinarily may not be decided on motions for summary judgment.*fn26 And an official's subjective good faith has been considered to be a question of fact that some courts have regarded as inherently requiring resolution by a jury.*fn27"

(FITZGERALD Supra @ *fn25) " In Wood the Court explicitly limited its holding to the circumstances in which a school board member, 'in the specific context of school discipline,' 420 U.S., at 322, would be striped of claimed immunity in an action under § 1983. Subsequent cases, however, have quoted the Wood formulation as a general statement of the qualified immunity standard. See, e.g., Procunier v. Navarette, 434 U.S. 555,562-563,566(1978), quoted in Baker v. McCollan, 443 U.S. 137, 139 (1979).

*fn26 Rule 56(c) states that summary judgment "shall be rendered forthwith if the leadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is proper, a court ordinarily must look at the record in the light most favorable to the party opposing the motion, drawing all inferences most favorable to that

party. E.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473 (1962).

*fn 30 "…We have found previously, however, that it would be 'untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials." Butz v. Economu, 438 U.S., at 504

Plaintiff offers the following Exhibits in support of his defense:
- See: Ex. (A) Smart Drug Report
- See: Ex. (2)(1) Natural Cocoa Tea Delisse
- See: Ex. (a)(2) Oxy Contin, THC Prescription Medications
- See: Ex. (a)(3) Nolle Prosequi
- See: Ex. (a)(4) Ticket Dismissed
- See: Ex. (a)(5) Memorandum From; Jamese Massey

Also See: Release Receipts from D.C. Superior Court related to Traffic Court and dismissal of Criminal Charges Level By Gov.;

In plain DEFENDATS cannot justify their action no matter how you look at it. If the Court please, Non - Medical Officials have even suggested that Plaintiff, "Needs to explore other pain medications management." Plaintiff has a number of illnesses that he is treated for. Plaintiff is currently at D.C. Jail for positive test related to his medical condition. The Federal DEFENDANTS continue to issue warrants that have no merit.

AFFIDAVIT OF REBUTTAL - 11

## CONCLUSION

If this matter came to trial before a jury, Plaintiff would offer into evidence, the full public record in its entirety and not insufficient misleading representations before this Honorable Court. Plaintiff if given the chance to present the actual facts as they occurred, the register at the CSO office will show that Plaintiff was arrested on 9/7/06, not 9/8/06. In furtherance, Plaintiff would further submit that nothing in the public record supports the DEFENDANTS argument or evidence to support a dismissal of Plaintiff's complaint. If the court please, full disclosure of the public record will show that all of Plaintiff's prescriptions prescribed by his doctor are medications associated with Plaintiff's many illnesses.

For the above listed reasons, Plaintiff respectfully requests a hearing on all issues in his complaint.

District of Columbia

Subscribed and sworn to before me, in my presence,

this 10th day of January, 20 08

Larry Epps

_____ Notary Public

My Commission Expires 9/30/2012

BRIDGET REAVIS-TYLER
Notary Public, District of Columbia
My Commission Expires September 30, 2012

Respectfully Submitted,

_____
Larry D. Epps
DCDC 188-443
1901 D. Street, S.E.
Washington, D.C.
20003

MOTION FOR SERVICE OF PROCESS - 12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry D. Epps,<br><br>    Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL,et al..,<br><br>    Defendant | Civil Action No. 07-1188[RMC]<br>(ECF)<br>**ORDER** |

Upon consideration of Plaintiffs MOTION FOR Summery Judgment it is

    **ORDERED** that the motion is granted, and it is

    **FURTHER ORDERED** Defendants shall file answer or other wise response by

this _____ day of _____,2008

 

                                                                                United States District Judge

## CEFTIFICATE OF SERVICE

**I HEREBY** certify that a copy of the foregoing cause of action be served by United States mail, postage paid

                Attorney Kenneth Adebonojo
              Assistant United States Attorney
                  Judiciary Center Building
                      555 4th St., N.W.
                      Washington, D.C. 20530

_Larry D. Epps_
Larry Epps/DCDC 188-413
1901 D. Street, S.E.
D.C. Jail
Washington, D.C. 20003

AFFIDAVIT OF REBUTTAL - 13