UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LARRY D. EPPS, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 07-1188 (RMC) <br> ) (ECF) |
| U.S. ATTORNEY GENERAL, et al. | ) |
| Defendants. | ) |

**FEDERAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Larry D. Epps, pro se, Reg. No. DCDC 188-413 ("Plaintiff"), has opposed the Motion to Dismiss or in the Alternative for Summary Judgment filed by United States Attorney General, U.S. Parole Commission and Court Services and Offender Supervision Agency ("CSOSA") employees, CSOs Joseph Alston and Emesha James (collectively "Federal Defendants"). Plaintiff has also moved for summary judgment. The gravamen of Plaintiff's complaint, opposition and Motion for Summary Judgment is that Federal Defendants violated his constitutional rights by not affording him a timely probable cause hearing to determine whether he had violated his parole. 28 C.F.R. 2.101(a). Plaintiff also alleges that the evidence presented at his probable cause hearing and upon which probable cause was found was falsified. Federal Defendants' motion should be granted because Plaintiff has not opposed it in any meaningful way. Plaintiff has not presented a scintilla of evidence to even remotely establish that any evidence against him was falsified. Similarly, Plaintiff's Motion for Summary Judgment should be denied because the alleged delay is not a constitutional violation as a matter of law.

In their motion, Federal Defendants argued that dismissal is proper because Plaintiff's claims are barred by sovereign immunity; Federal Defendants are not subject to liability under 42 U.S.C. §1983 because they are not a "person" within the meaning of the statute; to the extent a *Bivens* claim may be gleaned,[1] those too fail because Plaintiff raises specific allegations against only one Federal Defendant and *Bivens* liability may not rest on the doctrine of respondeat superior with regard to the others; even with regard to that individual, *Bivens* liability may not lie because the one or two-day delay in scheduling a probable cause hearing was not unreasonable and therefore not actionable as a matter of law; Plaintiff's Fourth, Fifth and Sixth amendment claims are similarly not actionable for the reasons stated in Federal Defendants' motion; Federal Defendants are protected by immunity;[2] Plaintiff cannot maintain a *Bivens* action against Federal Defendants because he has not properly served them as set forth in the Federal Rules of Civil Procedure.  Finally, since Plaintiff's parole has been revoked and he has been reincarcerated, this action is barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In his Motion for Summary Judgment, Plaintiff argues that his "arrest took place in the CSO office of [Federal Defendant] Emesha James, on September 7th, 2006...not the following day on [September 8, 2006]."  Pl's Mot. for Summ J. at 3.  "Mrs. James...had a duty to contact the Parole Commission and inform...that she had executed the warrant in her office on [September 7, 2006]."  *Id*.  Therefore, "Federal Defendant's [sic] violated the law under 28 C.F.R. §2.101(2) due process."  *Id*.  As Federal Defendants argued in their motion, absent a

---

[1]   *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narc.*, 403 U.S. 388 (1971).

[2]   Plaintiff's reliance on *Wood v. Strickland*, 420 U.S. 308 (1975), a pre *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) case, is of no moment.

showing by Plaintiff that the delay was unreasonable and prejudicial, there can be no actionable violation. *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (affirming denial of a habeas petition where the inmate failed to show that the thirty-three-month delay in holding a revocation hearing was prejudicial). Fed. Defs. Mot. to Dismiss/Summ J. at 7-8. In light of *Sutherland* and other Circuit law, Plaintiff cannot establish that a two-day delay in holding a probable cause hearing was unreasonable and prejudicial. Certainly, it was not unreasonable in light of the fact that the Parole Commission held a hearing less than five-days after it was notified but unfortunately seven days after Plaintiff's arrest. Therefore, Plaintiff is not entitled to any judgment for money damages from Federal Defendants.

In opposition to Federal Defendants' motion and citing *Morrissey v. Brewer*, 408 U.S. 471 (1972), Plaintiff appears to argue that "the parolee is entitled to the freedom granted a parolee until the result of the hearing are known...." Plaintiff appears to suggest that he should not have been arrested on the violator warrant and been permitted to remain free until the parole revocation hearing. Not only does this argument fly in the face of common sense in light of potential flight risk but it is contrary to *Morrissey*. 28 C.F.R. 2.101 and its application to Plaintiff is consistent with *Morrissey* and it progeny, *Morrissey*, 408 U.S. at 483-84. In addition, Plaintiff cites a New York state case for the proposition that a revocation of parole should not be based on erroneous information. Pl's Mot. for Summ J. at 9. While such a proposition is correct and should not need legal support, it is meaningless here because Plaintiff has not cited any information that is erroneous. Plaintiff's submission of literature about medication that he was allegedly taking does not explain why his drug tests were positive for cocaine or his admission to CSO James that he was abusing drugs. Federal Defendants' Mot. for Summ. J., *Ex*. A. It is

indisputable that the only credible evidence, including Plaintiff's own statements, indicate that he was abusing drugs.

Finally, Plaintiff's 1983 complaint seeks money damages for alleged constitutional violations that resulted in his reincarceration on a parole violator's warrant. Plaintiff's parole was not revoked at the subsequent revocation hearing because CSO James did not appear. However, at another revocation hearing held on January 14, 2008, which appears to arise from Plaintiff's February 2007 arrest and possibly prior violations, Plaintiff's parole was indeed revoked. Notice of Action of Revocation dated January 24, 2008, attached hereto as *Ex*. A. Apparently, Plaintiff's probation was revoked, based in large part on CSO James' testimony, for repeated failures to submit to drug testing, use of dangerous drugs, etc.

Whatever Plaintiff's 1983 money damages claims are, they are *Heck*-barred because a judgment in his favor implies the invalidity of the parole revocation, which has not previously been invalidated through other means. *Crawford v. Barry*, 1998 U.S. App. Lexis 33930, *2 (D.C. Cir. 1998); *Perkins v. Ashcroft*, 2007 U.S. Dist. Lexis 83643, *2 (D.D.C. 2007) (concluding that the prisoner failed to demonstrate that his 27-month "wrongful imprisonment" had been invalidated); *Taylor v. U.S. Probation Off.*, 2006 U.S. Dist. Lexis 71819 (D.D.C. 2006) (concluding that an inmate's 1983 and *Bivens* claims arising out of a revocation of parole for various parole violations were barred by *Heck* even where the prisoner had been released in the interim); *Hurt v. District of Columbia*, 2006 U.S. Dist. Lexis 30201 (D.D.C. 2006).

Because grounds for dismissal or summary judgment have been proffered and Plaintiff has not opposed meaningfully or presented any grounds for summary judgment in his favor, Federal Defendants respectfully request that judgment be entered in their favor and that

Plaintiff's complaint be dismissed with prejudice.

| | |
|---|---|
| February 29, 2008 | Respectfully submitted, |

                                         /s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                         /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                         /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157 (telephone)
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on the 29TH of February 2008, I caused service of the foregoing to be made on the *pro se* plaintiff:

Larry D. Epps
DC # 188413
D.C. Jail
1901 D Street, S.E.
Washington, DC 20003

                                                _/s/_____
                                                KENNETH ADEBONOJO
                                                Assistant United States Attorney

| U.S. Department of Justice | Notice of Action |
|---|---|
| United States Parole Commission | |
| 5550 Friendship Boulevard | |
| Chevy Chase, Maryland  20815-7201 | |

| Name: EPPS, Larry | Institution: D.C. CTF |
|---|---|
| Register Number: 36966-118 | |
| DCDC No: 188-413 | Date: January 24, 2008 |

As a result of the hearing conducted on January 14, 2008, the following action was ordered:

### DC Local Revocation

Revoke parole.  None of the time spent on parole shall be credited.  Re-parole effective April 14, 2008 after the service of 12 months.

NOTE:  Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission.  Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency.  That program may include testing and examination to determine if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Failure to Submit to Drug Testing.

Basis:  The testimony provided by CSO James at the hearing.

Charge No. 2 - Use of Dangerous and Habit Forming Drugs.

Basis:  The testimony provided by CSO James at the hearing.

Charge No. 3 - Law Violation:  (b) Possession of Drug Paraphernalia.

Basis:  The testimony proved by Officer LaFranchise at the hearing.

The Commission makes no findings concerning the following charges:

Charge No. 3 - Law Violations:  (a) Misuse of Temporary Tags; (c) Unregistered Vehicle.

Charge No. 4 - Law Violation:  Carrying a Pistol Without a License.

Basis: Insufficient evidence.

**REASONS**:

Your parole violation behavior has been rated as criminal conduct of Category One severity because it involved Possession of Drug Paraphernalia and administrative violations. Your salient factor score is 3. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of 1/14/2008, you have been in confinement as a result of your violation behavior for a total of 9 month(s). Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.


THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:  D.C. Federal Billing Unit
 D.C. Department of Corrections
 Washington, D.C.  20003

 U.S. Marshals Service
 District of Columbia - District Court
 333 Constitution Ave, N.W., Room 1400
 Washington, D.C.  20001
 Warrants - Attn:  David Baldwin

 Mona Asiner
 Public Defender Service
 District of Columbia
 Special Proceedings Division
 633 Indiana Avenue, N.W.
 Washington, D.C.  20004

 CSS Data Management Group
 D.C. Court Services & Offender Supervision Agency
 300 Indiana Avenue, N.W., Suite 2070
 Washington, D.C.  20001

_____

**SALIENT FACTOR SCORE (SFS-98)**

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 2 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 3 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
|  | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |