UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY EPPS ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-1188 (RMC) |
| ) | |
| v. ) | |
| ) | |
| U.S. ATTORNEY GENERAL, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant, the District of Columbia (hereinafter the "District"), through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(1), hereby moves this Court to decline supplemental jurisdiction over the common law claims and dismiss this complaint as to the District. The grounds for this motion are more fully set forth in the District's Memorandum of Points and Authorities.

**WHEREFORE** the District requests that the Court grant its Motion to Dismiss and grant such other relief as the nature of this cause shall require.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON [435163]
Chief, General Litigation Section

/s/ Lucy Pittman
Lucy Pittman [483416]

        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        (202) 442-9891 (phone)
        (202) 730-1436 (fax)
        lucy.pittman@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY EPPS** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-1188 (RMC) |
| ) | |
| v. ) | |
| ) | |
| **U.S. ATTORNEY GENERAL, et al.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**THE DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

**Preliminary Statement**

On June 29, 2007, the plaintiff filed the instant action against the United States Attorney General, the United States Parole Commission, two officers of the CSOSA (hereinafter the "federal defendants") and the District of Columbia (hereinafter the "District"). See complaint. The complaint appears to allege civil rights violations under 42 U.S.C. § 1983 against the federal defendants. See complaint. The complaint includes seven separately numbered causes of action, which by in large are directed at the federal defendants. However, the Sixth Cause of Action is directed toward the District, wherein the plaintiff sets forth common law claims stating that his medications were interrupted while he was in District custody. See complaint. The federal defendants filed a motion for summary judgment on December 7, 2007, which is pending before the Court. See docket.

**Argument**

Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over the District when a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the

instance case, the plaintiff's allegations against the District do not include such a federal question. Rather the federal claims brought by the plaintiff are against the federal defendants. The federal defendants have a pending motion for summary judgment before the Court, which fully addresses the federal claims.

The remaining claim against the District is a local common law claim, over which this Court should decline to exercise jurisdiction. Absent any constitutional or federal statutory claims, this Court can decline to exercise supplemental jurisdiction over the common law claims asserted by the plaintiff. See 28 U.S.C. § 1368(c)(3). Furthermore, the Supreme Court has written that, once federal claims have been dismissed, a District Court should dismiss pendent state law claims.

In Gaubert v. Gray, the D.C. District Court dismissed the plaintiff's constitutional claims on the grounds of qualified immunity. 747 F. Supp. 40, 50 (D.C. Cir. 1990). Noting that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," the court also dismissed the plaintiff's four common law claims. Id. Citing the Supreme Court's decision in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), the District Court wrote:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

Gaubert, 747 F. Supp. at 50. *See also, Decatur Liquors Inc. v. District of Columbia*, 478 F.3d 360, 362-63 (D.C. Cir. 2007), (holding a federal court lacks jurisdiction of the case altogether if the federal claims are insubstantial).

2

Here, the federal defendants' motion for summary judgment fully addresses plaintiff's constitutional claims. As such, in the interests of judicial economy, all common law claims should be dismissed as well.

However, even if a federal question remains against the federal defendants, the common law claims against the District should still be dismissed. Pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction may be exercised when the plaintiff's common law claims are "'so related to' his federal claims as to 'form part of the same case or controversy under Article III of the United States Constitution,' 28 U.S.C. § 1367(a)." Clay v. District of Columbia, 208 Fed. Appx. 6, 7 (D.C. Cir. 2006).

In the instance case, the allegations against the District do not arise out of the same common nucleus of operative facts as the federal claims. Rather, the federal claims against the federal defendants focus on the plaintiff's arrest on a warrant issued by the Defendant United States Parole Commission and the timing, manner, and results of his probable cause hearing before the Commission. The common law claims against the District concern the plaintiff's medical condition and treatment while in District custody. While these facts may temporally relate, they do not involve the same set of facts or the same parties. See Clay, 208 Fed. Appx. 6, 7 (D.C. Cir. 2006) (holding that plaintiff's wrongful discharge claim, which was based entirely on local law, did not arise out of the same facts as his federal claims, that the District "deprived him of his interest in job security without due process of law by converting his position to at-will," noting that while the federal claims "could in some sense affect the legal context of his wrongful discharge claim, these connections do not satisfy the constitutional minimum.")

3

**Conclusion**

Based upon the foregoing, it is respectfully submitted that the plaintiff's claims against the District be dismissed for lack of subject matter jurisdiction.

    Respectfully submitted,

    PETER J. NICKLES
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    /s/ Kimberly M. Johnson
    KIMBERLY MATTHEWS JOHNSON [435163]
    Chief, General Litigation Section

    /s/ Lucy Pittman
    Lucy Pittman [483416]
    Assistant Attorney General
    441 4th Street, N.W.
    6th Floor South
    Washington, D.C. 20001
    (202) 442-9891 (phone)
    (202) 730-1436 (fax)
    lucy.pittman@dc.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that that on the 5th day of August 2008, a true and correct copy of the foregoing Motion to Dismiss was mailed to *Pro Se* Plaintiff, Larry Epps, at 113 Wilmington Place, S.E., Washington, D.C. 20032. All other parties were served electronically through counsel.

    /s/ Lucy Pittman
    Lucy Pittman
    Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LARRY EPPS**  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**U.S. ATTORNEY GENERAL, et al.**  )<br>)<br>Defendants.  )<br>) | Civil Action No. 07-1188 (RMC) |

**PROPOSED ORDER**

Upon consideration of the District's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, any opposition thereto, and the entire record herein, it is this _____ day of _____ 2008, hereby,

ORDERED: that the District's Motion is GRANTED; and it is

FURTHER ORDERED: that the Sixth Cause of Action of the Plaintiff's complaint is dismissed.

_____
United States District Judge